1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
8

9  RAY MOSS and JOANNE MOSS,          )
   husband and wife, d/b/a RAY        )  No. CV-93-136-CI
10 MOSS LOGGING,                      )
                                      )  MEMORANDUM AND ORDER FOLLOWING
11            Plaintiffs,             )  EVIDENTIARY HEARING, GRANTING
                                      )  DEFENDANT GILLESPIE'S MOTION
12 CREDIT BUREAU OF LEWISTON          )  TO VOID JUDGMENT, DENYING
   CLARKSTON, INC., an Idaho          )  DEFENDANT'S MOTION FOR
13 corporation,                       )  ATTORNEY FEES, AND DENYING
                                      )  DEFENDANTS' MOTION TO ADMIT
14            Assignee,               )  OFFICIAL DOCUMENTS
                                      )
15 v.                                 )
                                      )
16 INDUSTRIAL LEASING                 )
   CORPORATION, an Oregon             )
17 corporation, and ARTHUR            )
   GILLESPIE,                         )
18                                    )
              Defendants.

19

20        BEFORE THE COURT is Defendant Arthur Gillespie's Motion for

21 Relief From Void Judgment and For Attorney Fees and Costs, submitted

22 to the court following an evidentiary hearing on October 19, 2005.

23 Attorney Theodore O. Creason of Lewiston, Idaho appeared for

24 Defendant Gillespie; attorney Rube G. Junes of Lewiston, Idaho

25 appeared for Plaintiffs.  There was no appearance by attorneys for

26 the assignee (who stated telephonically they would not be

27 participating).  The matter is before the undersigned by consent of

28 MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING
   DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S
   MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT
   OFFICIAL DOCUMENTS - 1

the parties.  (Ct. Rec. 46.)

**COMPLAINT**

Plaintiffs instituted the captioned matter by filing a Complaint in Asotin County, Washington, on March 8, 1993, alleging breach of a lease / option to purchase agreement entered into between Plaintiffs and Defendant Arthur Gillespie.[1]  On April 14, 1993, Notice of Removal to federal court was filed by Co-Defendant Industrial Leasing on grounds of diversity of jurisdiction.  (Ct. Rec. 1.)   The Notice alleged Plaintiffs were residents of Washington, Defendant Industrial Leasing was an Oregon corporation, and Defendant Arthur Gillespie was a resident of California.

On June 30, 1993, Plaintiffs moved for entry of default against Defendant Gillespie on grounds of failure to appear and defend. (Ct. Rec. 3.)  On July 9, 1993, following consent to proceed before a magistrate judge by Industrial Leasing, the matter was referred pursuant to 28 U.S.C. § 636(c) to the Honorable James B. Hovis for all further proceedings.  (Ct. Rec. 5.)  Defendant Gillespie, who remained in default, did not consent.  On August 10, 1993, the magistrate judge entered an Order of Default pursuant to FED. R. CIV. P. 55(a).[2]  (Ct. Rec. 10.)  Following the submission of additional

---

[1]The Complaint also alleged claims against Co-Defendant Industrial Leasing, an Oregon corporation, involving the same equipment; the parties settled and Industrial Leasing was dismissed on December 16, 1993.  (Ct. Rec. 5, 22.)

[2]The file reflects a Judgment was entered on August 11, 1993 (Ct. Rec. 11); based on the proceedings which followed, the court

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 2

affidavits setting forth the basis for a money judgment against Defendant Gillespie, on September 20, 1993, the magistrate judge entered an Order of Default Judgment pursuant to FED. R. CIV. P. 55(b)(2) against Mr. Gillespie for the sum of $45,656.67.[3]  (Ct. Rec. 19.)  The Order was accompanied by a Judgment for that amount. (Ct. Rec. 20.)

Nearly ten years later and without judicial collection efforts, on August 28, 2003, Plaintiffs filed an Assignment of the judgment, conveying all right, title and interest to the Credit Bureau of Lewiston Clarkston, Inc., Lewiston, Idaho.  (Ct. Rec. 23.)  On August 28, 2003, the assignee, through counsel, moved to renew the Judgment, then calculated at $100,099.42, based on an alleged post-judgment legal rate of interest of 12%. (Ct. Rec. 24.)  An Amended Motion for Renewal was filed by the assignee on September 8, 2003, re-calculating the legal rate of interest at 3.38%, and reducing the balance owed to $63,660.53.  (Ct. Rec. 28.)  The Motion was stricken with leave to renew by a district judge on September 9, 2003, noting the absence of an acknowledged assignment of interest.  (Ct. Rec. 34.)  The Motion was re-filed on September 12, 2003, with an

---

construes this Judgment as one adjudging liability only, not damages.

[3]That amount represents $35,000, plus accrued interest due and owing after Defendant Gillespie allegedly exercised his option to purchase the leased equipment. (Ct. Rec. 18, Joanne Moss Supp. Aff.) Because of the default, the alleged exercise of that option has not been tested by evidentiary showing.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 3

acknowledged Assignment by Plaintiffs. (Ct. Rec. 35.) On September 15, 2003, Chief Judge Van Sickle renewed the judgment pursuant to FED. R. CIV. P. 69 and R.C.W. 6.17.020(1).[4] (Ct. Rec. 37.) A Renewed Judgment was filed by the Clerk on September 15, 2003, within the initial ten year life of the money judgment signed on September 20, 1993. (Ct. Rec. 38.)

On May 26, 2005, Defendant Gillespie moved to set aside the Renewed Judgment as void for want of jurisdiction under the long-arm jurisprudence of the State of Washington. (Ct. Rec. 39.) An evidentiary hearing was held October 19, 2005. Mr. and Mrs. Gillespie were present with counsel, testified, and were cross-examined. Mr. and Mrs. Moss also were present with counsel, testified, and were cross-examined. Additionally, Plaintiffs presented the testimony of attorney Ron T. Blewett of Lewiston, Idaho. Following the evidentiary hearing before the undersigned, the parties were permitted additional time to submit legal memoranda to the court. Those briefs were submitted and reviewed by the court. (Ct. Rec. 53, 54.)

**FACTS**

**1.  Undisputed Facts**

The testimony of both parties at the evidentiary hearing supports the following undisputed facts: (1) Defendant Gillespie initiated contact with Plaintiff regarding the lease of and/or option to purchase the logging equipment at issue; however, that

---

[4]The Washington statute provides for renewal of a judgment for an additional ten years as a matter of right.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 4

contact was made to a telephone listing in the State of Idaho; (2) a lease / option to purchase agreement was negotiated by the parties and Defendant received delivery of the equipment in California for use in that state; (3) Defendant Gillespie paid in full the rental fee for the first five of the six month lease (from a California account into an Idaho bank account); (4) the  sublease agreement and option were completed and signed by the parties at Plaintiffs' residence in Asotin County, Washington, on the 23rd or 24th of September 1992; (5) Defendant Gillespie spent no more than two hours at the residence; (6) there have been no judicial efforts to collect the judgment since it was entered in 1993, other than renewal of the judgment in 2003 by the assignee; and (7) Defendant Gillespie suffered two serious strokes that resulted in hospitalization, some memory loss, and rehabilitation during the spring of 1993 when the lawsuit was commenced, and during that time, his business affairs were conducted by his spouse.

**2.    Notice to Defendant Gillespie**

There is no dispute Defendant Gillespie was personally served with a Summons and Complaint, Jury Demand, Notice of Intent to Take Deposition, and Plaintiffs' First Request for Production of Documents on April 7, 1993, in Lake Almanor, California. (Ct. Rec. 9, att.) Defendant Gillespie also was mailed the Notice of Removal at his address in Redding, California (Ct. Rec. 1), and Notice of Intent to Renew the Judgment in 2003 at his address in Fernley, Nevada. (Ct. Rec. 27, 29.) Also, there is undisputed evidence Defendant Gillespie contacted a Spokane attorney for the purpose of securing representation to defend the lawsuit in August 1993.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 5

1    However, no agreement for representation was reached.  Additionally,

2    it is uncontested Defendant Gillespie made no effort to appear pro

3    se in this court or to contact Plaintiffs' counsel prior to 2005.

4                              **RULE 60(b)(4)**

5        There is no time limit on a Rule 60(b)(4)[5] motion to set aside

6    a judgment as void.  11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

7    PROCEDURE, § 2862, Rule 60 (1973); *Bookout v. Beck*, 354 F.2d 823, 824-

8    25, (9th Cir. 1965).  Moreover, a void judgment cannot acquire

9    validity because of laches on the part of the judgment debtor.  *Id.*

10   The Tenth Circuit has stated that "[i]n the interest of finality,

11   the concept of setting aside a judgment on voidness grounds is

12   narrowly restricted."  *V.T.A. Inc. v. Airco, Inc.*, 597 F.2d 220, 224

13   (10th Cir. 1979); *see also Jones v. Giles*, 741 F.2d 245, 248 (9th Cir.

14   1984), citing *Lubben v. Selective Service System Local Bd. 27*, 453

15   F.2d 645, 649 (1st Cir. 1972).  While absence of subject-matter

16   jurisdiction may make a judgment void, such total want of

17   jurisdiction must be distinguished from an error in the exercise of

18   jurisdiction.  A Rule 60(b)(4) motion is not to be used as a

19   substitute for the appellate process or for challenging jurisdiction

20   in the first instance.  *Kocher v. Dow Chemical Co.*, 132 F.3d 1225,

21   1229 (8th Cir. 1997).  If a party who has been served in the

22

23       [5]FED. R. CIV. P. 60(b) provides in pertinent part, "[o]n motion

24   and upon such terms as are just, the court may relieve a party or

25   his legal representative from a final judgment, order, or proceeding

26   for the following reasons: . . . (4) the judgment is void."

27

28   MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING
     DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S
     MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT
     OFFICIAL DOCUMENTS - 6

underlying action permits the entry of a default judgment, the burden of proof in a later Rule 60(b)(4) motion rests with the defaulted party. *Burda Media Inc. v. Viertel*, 417 F.3d 292, 298 (2nd Cir. 2005) (holding *on* a motion to vacate a default judgment when the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, defendant bears the burden of proof); *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 401 (7th Cir. 1986) (when defendant ignored process and challenged default judgment on a Rule 60(b)(4) motion, defendant bears the burden of proving an absence of personal jurisdiction); *CSC Holdings, Inc. v. Fung,* 349 F. Supp. 2d 613, 616 (E.D.N.Y. 2004) ("[a] defendant with notice of the proceedings bears the burden of establishing the claim that service was not properly effected"); *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 677 (S.D.N.Y. 2003) (same); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 324-25 & n.10 (S.D.N.Y. 2002) (same).[6]

For purposes of this analysis, the court concludes Defendant Gillespie bears the burden of refuting Plaintiffs' allegations of minimum contacts with the State of Washington by "compelling evidence." *Sinatra v. Natl Enquirer, Inc.*, 854 F.2d 1191, 1201 (9th Cir. 1988). Defendant disputes such contact occurred and asserts the negotiations took place and were substantially completed in

---

[6]See Theresa L. Kruk, Annotation, Who Has Burden Of Proof In Proceeding Under Rule 60(b)(4) Of Federal Rules Of Civil Procedure To Have Default Judgment Set Aside On Ground That It Is Void For Lack Of Jurisdiction, 102 A.L.R. Fed. 811 (1991 & Supp. 1999) (noting split in circuits).

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 7

states other than Washington, including Idaho, Oregon, and California. The discussion that follows incorporates the undersigned's findings as to disputed facts and presents alternative legal bases for the conclusions reached.[7]

**MAGISTRATE JUDGE JURISDICTION**

Preliminarily, this court, *sua sponte*, must decide whether the absence of Defendant Gillespie's consent deprived the magistrate judge of authority to enter the default judgment in September 1993. *Callier v. Gray*, 167 F.3d 977, 979 (6th Cir. 1999) (court has the right to raise *sua sponte* question of jurisdiction including the authority of a magistrate judge to act without consent of the parties). FED. R. CIV. P. 55(a) provides for entry of default against a party when that party has failed to plead or otherwise defend. FED. R. CIV. P. 55(b)(1) provides for entry of default judgment by the Clerk when the claim is for a sum certain and absent a showing of incompetency or minority of the defaulting party. The pleadings on file establish there was some question as to the sum of damages sought; additional affidavits were sought by the court. Thus, it was appropriate for the district court to consider the default under FED. R. CIV. P. 55(b)(2). *Conetta v. National Hair Care Centers, Inc.*, 186 F.R.D. 262, 268 (D.R.I. 1999), *judgment affirmed* 236 F.3d 67 (1st Cir. 2001). That section also provides that if "it is

_____

[7]The court recognizes, in some respects, the equities may lie with Plaintiffs; however, because of statutory and case law setting forth the limits of jurisdiction as to both the magistrate judge and long-arm, the court is constrained to find for Defendant Gillespie.

necessary for the court to determine the amount of damages or to establish the truth of any averment by evidence or make an investigation of any other matter," the court may conduct such hearings or order such reference as necessary.

A magistrate judge's authority is set forth at 28 U.S.C. § 636(b)(1)(A), which permits a district judge to designate a magistrate judge to hear and determine any pretrial matter *except* for judgment on the pleadings. A determination of damages and entry of default judgment as to those damages is not considered a pretrial matter. *Callier*, 167 F.3d at 982, citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993). Under Section (1)(B), a district court judge may also designate a magistrate judge to conduct hearings, including evidentiary hearing and submit proposed findings of fact and recommendations. No recommendation was issued here. Under Section (b)(3), a magistrate judgment could be assigned additional duties not inconsistent with the Constitution and laws of the United States. However, this section has been interpreted to limit those duties as consistent with the overall statutory scheme set out in section 636, subject to the district judge's ongoing supervision. *Callier*, at 982-983. Finally, under section (c), with consent of the parties, a magistrate judge may conduct all proceedings, including the entry of judgment. Absent such reference and/or consent, only the district court may direct entry of default judgment. *Conetta*, at 268, citing *Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir. 1980); *Combs v. Coal & Mineral Management Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984); *Highdata Software Corp. v. Kothandan*, 160 F. Supp. 2d 167, 168 (D.N.H. 2001) (magistrate judge

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 9

lacked authority to determine liquidated damages absent reference or consent); *Callier,* 167 F.3d at 982 n.8 (addressing application of section (c) with respect to referral resulting in default judgment). Thus, while it was appropriate to refer the default matter for resolution of the damages question to Magistrate Judge Hovis, absent Defendant Gillespie's consent, Judge Hovis had no authority to enter an order of default judgment against him.   The magistrate judge's authority was limited to a recommendation only.[8]  *Callier*, at 983.

The question now is whether Chief Judge Van Sickle's Order renewing the judgment removed any jurisdictional flaw.  The renewal of a judgment is not a simple, ministerial act.  *In re Lobherr*, 282 B.R. 912 (Bankr. C.D.Cal. 2002).  It requires the filing of a Motion and notice to the debtor, permitting the debtor to file any legal or factual objection to the renewal.   Here, Defendant Gillespie was served by mail at a Fernley, Nevada address, but failed to respond or object.  However, the court need not reach the issue of whether the voidability of the original default judgment was cured by the district court action because of the findings and conclusions set forth below.

**LONG-ARM JURISDICTION**

In both federal and state jurisprudence, a default judgment in a civil case is void if there is no personal jurisdiction over the

---

[8]This ruling as to Defendant Gillespie does not affect the jurisdiction of the magistrate judge to rule as to claims against Industrial Leasing in light of their consent in writing to such jurisdiction. (Ct. Rec. 5.)

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 10

defendant.  *See, e.g., United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000).   If no federal statute governing personal jurisdiction is applicable, this court, sitting in diversity, applies the Washington State long-arm statute.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993), citing *Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 312 (9th Cir. 1987).  Under Washington's long-arm statute, a court may exercise personal jurisdiction over a party if there is a showing that a party transacted business in the state.  R.C.W. 4.28.185.   If such "minimum contacts" are demonstrated, and assuming proper notice of the suit, due process is satisfied.  In the final analysis, the question is whether the district court's exercise of jurisdiction offended "traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

The "constitutional touchstone" of the exercise of a state court's jurisdiction over a non-resident defendant is "whether the defendant purposefully established 'minimum contacts' in the forum State."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *International Shoe Co.*, 326 U.S. at 316).  It is essential the defendant "purposefully avails itself of the privilege of conducting activities within the forum State."  *Burger King*, 471 U.S. at 475.  The party's conduct and connection with the forum state must be such that the party could reasonably anticipate being haled into court there.  *Id.* at 474.  Moreover, sufficient contacts with the forum state must exist so the assertion of personal jurisdiction over the party comports with "fair play and substantial

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 11

justice." *Id.* at 476; *International Shoe,* 326 U.S. at 320.

Under Washington law, personal jurisdiction over a nonresident defendant is appropriate based solely on one purposeful contact with the state, so long as the cause of action arose from that contact and assertion of jurisdiction would be reasonable. *Langlois v. Deja Vu, Inc.*, 984 F. Supp. 1327, 1333 (W.D. WA. 1997), citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). Under the minimum contacts test used by the State of Washington, long-arm jurisdiction is appropriate when: (1) the nonresident Defendant initiated some purposeful contact with the State of Washington; (2) Plaintiff's claim arose from the out-of-state contact; and (3) the exercise of personal jurisdiction would be reasonable, considering Washington's interest in adjudicating the dispute versus the burden on a non-resident of defending in Washington. *Tyee Construction Co. v. Dulien Steel Products, Inc.,* 62 Wn. 2d 106, 381 P. 2d 245 (1963).

**APPLICATION OF *TYEE* ANALYSIS**

**1.    Plaintiffs' Basis for Long-Arm Jurisdiction**

Plaintiffs testified their business, Ray Moss Logging, was initially set up as a sole proprietorship, but is now a limited liability corporation. The business office is located at the Moss residence in Asotin County, Washington. Joanne Moss testified appropriate taxes are paid to the State of Washington, including unemployment, industrial insurance and business and occupation taxes. Industrial insurance is effective in other states by virtue of an inter-jurisdictional compact. The business name is also registered with Nez Perce County, Idaho, and a post office box is

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 12

maintained in Lewiston, Idaho. The logging equipment owned or leased by Ray Moss Logging, including the equipment at issue, was located at the various job sites throughout the Northwest, including Oregon, Washington, and Idaho, and, at the conclusion of a job, would be transported to the next site. The business did not maintain a permanent storage facility. Plaintiffs also testified they own recreational property in the State of Idaho that is accessible only by jet boat. That address is used to obtain favorable Idaho industrial/manufacturing sales tax exemptions when purchasing logging equipment.

Plaintiffs assert they negotiated and signed the agreement with Defendant Gillespie in Asotin County. They filed suit in Washington because that is their residence, the agreement was executed at that location, and they consider their business a Washington entity.

**2.    Purposeful Initiation of Contact with the State of Washington**

Defendant Gillespie testified his initial contact with Plaintiffs regarding the availability of the equipment for use in California was made to an Idaho telephone number[9] obtained from his employer, Weaver Equipment of Susanville, California. Defendant Gillespie was employed by Weaver as a sales associate. After contacting Culver Logging of Susanville about other matters,

---

[9]There was testimony the Idaho number was in fact the Mosses' daughter's telephone number; nonetheless, sufficient information was obtained during that phone call for Defendant Gillespie and his spouse to partially complete the written lease agreement during their road trip to the Lewiston / Clarkston area.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 13

1   Defendant Gillespie learned they were interested in a specific John
2   Deere feller buncher owned by Ray Moss Logging.  Defendant Gillespie
3   called an Idaho telephone number from California, talked with
4   Plaintiff and learned the equipment was available for inspection in
5   Granite, Oregon.  He accompanied a representative of Culver to
6   Oregon in September 1992, where they inspected the machine.
7   Although Culver was not interested, Defendant Gillespie was as a
8   personal business pursuit.  He contacted Plaintiff again from
9   California, informed him he was interested in leasing the machine
10  for use in California, and they roughed out terms for a sublease.
11  The two agreed to meet to finalize the agreement.  Using a John
12  Deere lease form agreement from Weaver Equipment, Defendant Jean
13  Gillespie stated she penned in some of the terms on that form as
14  they drove from California to Idaho.  The terms of the agreement
15  were completed and the agreement signed at the Moss residence in
16  Clarkston, Washington, on September 24.  Neither Mr. or Mrs.
17  Gillespie had ever been in the Lewiston / Clarkston area before and
18  testified they were not aware they were in the State of Washington
19  when the agreement was signed.  For purposes of this analysis, the
20  court does not credit that statement as Plaintiffs' address was
21  inserted on the form agreement at the home and indicated Clarkston,
22  Washington.

23      When personal jurisdiction over a nonresident defendant is
24  based on contract negotiations with a Washington business, "the
25  court must examine the negotiations and the contemplated future
26  consequences of the contract to determine" whether the nonresident
27  purposefully availed himself of the privilege of conducting business

28  MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING
    DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S
    MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT
    OFFICIAL DOCUMENTS - 14

in Washington. *Langlois*, 984 F. Supp. at 1333, citing *F.D.I.C. v. British-American Ins. Co.,* 828 F.2d 1439, 1443 (9th Cir. 1987). "Even if an out-of-state Defendant initiated purposeful contact giving rise to this lawsuit, jurisdiction still may be unreasonable as to that Defendant." *Langlois,* 984 F. Supp. at 1334. Based on these facts, the court concludes the "quality" of the contact with the State of Washington during the negotiation phase was such that it was not reasonable for Defendant Gillespie to foresee the possibility of having to defend a lawsuit in the State of Washington. *Langlois,* 984 F. Supp. at 1334, citing *Burger King Corp.*, 471 U.S. at 478 (mere execution of a contract with a Washington corporation is insufficient to establish personal jurisdiction over a nonresident Defendant). As for future consequences, there was no anticipation by either party that further negotiations or dealings would occur in the State of Washington in light of the fact the equipment was shipped to California for use in that state and any final purchase would involve an Oregon corporation.

**3.   <u>Claim vis-a-vis Contact</u>**

It is undisputed the terms of the lease agreement were fully performed except for payment of the sixth month; the damages obtained by Plaintiffs ($35,000 plus interest) and the allegations in their Complaint arise solely from Defendant's failure to exercise their option to purchase the equipment. (Ct. Rec. 1 at 3.) A contract which has not yet been fully completed or performed, or in which the obligation relates to some future event, is an executory contract. *Felt v. McCarthy*, 130 Wn.2d 203, 212, 922 P.2d 90 (1996)

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING
DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S
MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT
OFFICIAL DOCUMENTS - 15

(concurring opinion).  Thus, for purposes of the *Tyee* analysis as to whether the cause of action arose from the contact Defendants had with the State of Washington in September 1992, this court finds it did not.  Any claim enforcing the exercise of the option to purchase would have involved additional negotiation by the parties in March 1993 and the ownership interest of Industrial Leasing.  Under their contractual terms with Ray Moss Logging, venue as to any claim involving the equipment was set in Multnomah County, Oregon.[10]  Thus, the court cannot find Defendant Gillespie's limited contact with the state in September 1992 gave rise to the claim at issue.

**4.    Interest of the State of Washington**

Factors appropriate in an analysis of whether the State of Washington is the appropriate forum are the following:  (1) the extent of the defendant's purposeful contact(s), (2) the burden on Defendant of having to defend in Washington, (3) the extent to which jurisdiction conflicts with the sovereignty of Defendant's resident state; (4) Washington's interest in adjudicating the dispute, (5) a determination of which forum is the most efficient, (6) Plaintiffs' interest in choosing the Washington forum, and (7) the existence of an alternative forum.   *Langlois*, at 1334, citing *F.D.I.C. v. British-American, Ins. Co.,* 828 F.2d 1439, 1443 (9th Cir. 1987).

As for the first factor, as discussed previously, Defendant's contact with Plaintiffs and the State of Washington, was minimal, limited only to finalizing the terms and executing the lease terms in Asotin County.  As to the second factor, Defendant would have

---

[10]See Exhibit 17 at 2, admitted without objection.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 16

experienced considerable burden in defending a lawsuit in the State
of Washington in light of his residence in California, the fact he
was in business for himself, the condition of his health, and the
location and use of the equipment in California.  As to the third
factor, there has been no showing Washington's jurisdiction
conflicted in some respect with the sovereignty of California or
Nevada, Plaintiffs' states of residence during the time at issue.
Thus, this issue weighs in favor of Washington's exercise of
jurisdiction.    Fourth, Washington's interest was limited to
protecting the business interests of Ray Moss Logging; however,
testimony demonstrated Ray Moss Logging took advantage of the
business protection afforded it by both the State of Washington and
the State of Idaho.  Additionally, Ray Moss Logging agreed to venue
in the State of Oregon with respect to any conflict arising from the
contract with Industrial Leasing.  Thus, Washington's interest does
not override the interests of the other states.  Fifth, given the
nature of the lawsuit and the venue requirements of the contract
between Plaintiffs and Industrial Leasing, any claim involving
purchase of the equipment contractually resided with the State of
Oregon.  Thus, prosecution of the lawsuit in Oregon would have been
the most efficient.  Sixth, Plaintiffs have demonstrated no interest
in choosing the State of Washington, other than the fact they reside
here.  Testimony demonstrated their business interests and normal
business obligations lay equally distributed among the States of
Washington, Idaho, and Oregon.  Payments on the underlying lease
were made to a bank account in Idaho.  The contract form for the
lease by Defendant Gillespie was obtained from a California business

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING
DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S
MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT
OFFICIAL DOCUMENTS - 17

and anticipated use of the equipment was in that state. Collection of any judgment obtained would have necessarily had to occur in states other than Washington. Finally, an alternative forum as to any claim arising from the option to purchase resided by contractual terms with the State of Oregon. After consideration of the seven factors, the court concludes only the fourth supports jurisdiction in Washington.[11] Thus, Defendants have demonstrated by compelling evidence that prosecution of the action in Washington offended "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The ensuing judgments entered by this court were void *ab initio*.

## ADMISSION OF EXHIBITS

Defendants moved for the admission of documents **(Ct. Rec. 49**) and state records related to the conduct of Plaintiffs' business in the States of Washington and Oregon. In light of the above analysis Defendants' Motion is **DENIED AS MOOT.**

## ATTORNEY FEES

Defendant Gillespie seeks an award of attorney fees under R.C.W. 4.28.185(5). That provision provides for an award of fees to a nonresident defendant served outside the state and who prevails in

---

[11]The Complaint also alleged a claim of fraud in violation of the Consumer Protection Act of the State of Washington. Plaintiffs have not provided legal analysis to support jurisdiction of such a claim separate from that asserted for the contractual claim. Thus, the court considers Plaintiff's position as to the entry of default judgment as to the tort claim abandoned.

MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 18

the action.  Under Washington law, a nonresident party who secures a dismissal because of improper jurisdiction may be awarded attorney fees, at least to the extent the costs of litigation exceed any defense costs he would have incurred in a resident court.  *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 786 P.2d 265 (1990).  Defendant Gillespie failed to respond to this litigation for almost 13 years.  During that time, Plaintiffs incurred the cost of renewing the judgment and now are foreclosed by the statute of limitations from testing the merits of their claim in the appropriate forum.  Accordingly, the Motion is **DENIED.**

**IT IS ORDERED:**

1.  Defendant Gillespie's Motion for Relief From Void Judgment **(Ct. Rec. 39) is GRANTED.**  The judgment against Defendant Gillespie shall be set aside as void.

2.  Defendant's Motion for an award of attorney fees and costs **(Ct. Rec. 39) is DENIED.**

3.  Defendants' Motion to Admit Official Documents (Exhibits 1 - 14) **(Ct. Rec. 49) is DENIED AS MOOT.**

4.  Judgment shall be entered for Defendant Gillespie and the file shall be **CLOSED.**  Each party shall bear its own costs.

DATED November 15, 2005.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE


MEMORANDUM AND ORDER FOLLOWING EVIDENTIARY HEARING, GRANTING DEFENDANT GILLESPIE'S MOTION TO VOID JUDGMENT, DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, AND DENYING DEFENDANTS' MOTION TO ADMIT OFFICIAL DOCUMENTS - 19